UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
TRUSTEES OF THE NATIONAL RETIREMENT
FUND,

                           Plaintiffs,

            -against-

STAR B & T, LLC d/b/a STAR BINDING &
TRIMMING, LLC d/b/a STAR BINDING
ACQUISITION, LLC d/b/a THE STAR GROUP
and JOHN DOES 1–10 (all other trades or businesses
under common control with STAR B & T, LLC
d/b/a STAR BINDING & TRIMMING, LLC d/b/a
STAR BINDING ACQUISITION, LLC d/b/a
THE STAR GROUP),

                           Defendants.
----------------------------------------X

**COMPLAINT**

11 CV 7793

JUDGE KARAS

      Plaintiffs, by their attorney, David C. Sapp, Esq., complaining of Defendants Star B & T, LLC d/b/a Star Binding & Trimming, LLC d/b/a Star Binding Acquisition, LLC d/b/a The Star Group and John Does 1–10 (all other trades or businesses under common control with Star B & T, LLC d/b/a Star Binding & Trimming, LLC d/b/a Star Binding Acquisition, LLC d/b/a The Star Group), respectfully allege as follows:

### NATURE OF THE ACTION

      1. This is an action by an employee benefit fund to compel an employer to pay withdrawal liability pursuant to Sections 4201 through 4225 and 4301 of the Employee Retirement Income Security Act of 1974, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("ERISA"), 29 U.S.C. §§ 1381 through 1405 and 1451.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to Sections 502(a),(e), (f) and (g) and 4301(a), (b) and (c) of ERISA, 29 U.S.C. §§ 1132(a), (e), (f) and (g) and 1451(a), (b) and (c).

## VENUE

3. As the Plan is administered within the Southern District of New York, this action is properly brought in this district pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d).

## THE PARTIES

4. The National Retirement Fund ("the Fund") was established and maintains a plan (the "Plan") to provide retirement income to employees for whom contributions are made by employers.[1] As such, it is an "employee pension benefit plan," within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2). The Plan is maintained pursuant to one or more collective bargaining agreements between employee organizations and various employers, which require such employers to contribute to the Fund. As such, the Fund is a "multiemployer plan," within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37).

5. The Fund is administered by a Board of Trustees composed of an equal number of employer and employee representatives, as required by Section 302(c)(5) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 186(c)(5). The Board of Trustees is the "plan sponsor" with respect to the Plan pursuant to Section 3(16)(B)(iii) ERISA, 29 U.S.C. § 1002(16)(B)(iii). The Fund maintains its offices and the Plan is administered at 333 Westchester

---

[1] On or about September 24, 2010, the Board of Trustees of the UNITE HERE National Retirement Fund voted to change the name of the Fund from UNITE HERE National Retirement Fund to National Retirement Fund.

Avenue, North Building, White Plains, New York 10604, which is within the Southern District of New York.

6. Plaintiff Trustees of the Fund exercise discretionary authority, control and responsibility with respect to management and administration of the Fund and Plan and disposition of Fund assets. As such, Plaintiff Trustees are fiduciaries with respect to the Plan, within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

7. Upon information and belief, Defendant Star B & T, LLC d/b/a Star Binding & Trimming, LLC d/b/a Star Binding Acquisition, LLC d/b/a The Star Group ("Star") is a New Jersey corporation having or having had its principal place of business at 80 Industrial Road, Lodi, New Jersey 07644.

8. The New York Metropolitan Area Joint Board, Workers United ("the Union") is an unincorporated "labor organization" as defined in Section 3(4) of ERISA, 29 U.S.C. § 1002(4). Upon information and belief, the Union and Defendant Star have been parties to a series of collective bargaining agreements covering all relevant periods herein. Pursuant to said collective bargaining agreements, Defendant Star was obligated to make contributions to the Fund on behalf of certain of its employees. As such, Defendant Star is an "employer," within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5).

9. Upon information and belief, Defendants John Does 1-10 (all other trades or businesses under common control with Defendant Star) are "trades or businesses under common control" with Defendant Star pursuant to Section 4001(b)(1) of ERISA, 29 U.S.C. §1301(b)(1), Section 414 (c) of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder.

## AS AND FOR A FIRST CLAIM
## AGAINST DEFENDANT STAR

10. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "9" of this Complaint as if recited at length herein.

11. Upon information and belief in or about 2009, Defendant Star permanently ceased all covered operations under the Plan and/or permanently ceased to have an obligation to contribute to the Fund, thereby completely withdrawing from the Plan within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

12. As a result of its complete withdrawal from the Plan, Defendant Star became liable to the Fund for withdrawal liability in the amount of $79,815.62, pursuant to Section 4201 of ERISA, 29 U.S.C. §1381.

13. After determining the amount of Defendant Star's withdrawal liability, on or about May 4, 2011, the Fund notified Defendant Star of the amount of its withdrawal liability and of the schedule for withdrawal liability payments and demanded payment in accordance with the schedule ("Notice and Demand"), as required by Sections 4202 and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382 and 1399(b)(1).

14. Pursuant to Section 4219(c) of ERISA, 29 U.S.C. §1399(c), and as provided in the Notice and Demand, Defendant Star was required to make quarterly withdrawal liability payments in the amount of $6,598.87 for thirteen (13) quarters and a fourteenth (14th) or final quarterly withdrawal liability payment in the amount of $1,400.32. The first such quarterly payment was due on or before June 1, 2011.

15. On or about June 16, 2011, the Fund notified Defendant Star that it had failed to make the first quarterly withdrawal liability payment when due and that, if such failure was not

cured within sixty (60) days, Defendant Star would be in default within the meaning of Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5) ("Notice of Overdue Payment").

16. Upon information and belief, more than sixty (60) days have elapsed since Defendant Star received the Notice of Overdue Payment and Defendant Star has failed to make any withdrawal liability payments whatsoever.

17. By reason of its failure to make withdrawal liability payments within sixty (60) days of receipt of the Fund's Notice of Overdue Payment, Defendant Star is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. §1399(c)(5)(A), and Plaintiffs are entitled to immediate payment of the total amount of Defendant Star's withdrawal liability, plus accrued interest on the total liability from the due date of the first payment, pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. §1399(c)(5).

18. Plaintiffs are entitled to collect interest on the outstanding withdrawal liability from Defendant Star calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Fund's rules and regulations.

19. Plaintiffs are entitled to collect liquidated damages, attorneys' fees and costs from Defendant Star pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Fund's rules and regulations.

### AS AND FOR A SECOND CLAIM AGAINST DEFENDANTS JOHN DOES 1-10 (ALL OTHER TRADES OR BUSINESSES UNDER COMMON CONTROL WITH STAR)

20. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "19" of this Complaint as if recited at length herein.

21. Upon information and belief, Defendant Star and Defendants John Does 1-10 are, and at all relevant times were, trades or businesses under common control, within the meaning of

Section 4001(b)(1) of ERISA, 29 U.S.C. § 1301(b)(1), Section 414 of the Internal Revenue Code of 1986, as amended, and regulations published at 29 C.F.R. § 2612 and 26 C.F.R. §§ 1.414(c)-1 though 1.414(c)-5, in that the same five or fewer persons owned a controlling interest in and were in effective control of Defendant Star and Defendants John Does 1-10.

22. Pursuant to Section 4001(b) of ERISA, 29 U.S.C. § 1301(b)(1), as trades or businesses under common control, Defendant Star and Defendants John Does 1-10 are treated as a single employer for all purposes under Title IV of ERISA, including withdrawal liability. For the foregoing reason, Defendants John Does 1-10 are jointly and severally liable for the total amount of Defendant Star's withdrawal liability, interest, liquidated damages, and attorneys' fees and costs referenced in paragraphs "12," "14," "17,", "18," and "19" herein.

23. Plaintiffs are entitled to collect interest on the outstanding withdrawal liability from Defendants John Does 1-10 calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Fund's rules and regulations.

24. Plaintiffs are entitled to collect liquidated damages and attorneys' fees and costs from Defendants John Does 1-10 calculated pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g) and the Fund's rules and regulations.

## AS AND FOR A THIRD CLAIM AGAINST ALL DEFENDANTS

25. Plaintiffs repeat and reallege each and every allegation contained in paragraphs "1" through "24" of this Complaint as if recited at length herein.

26. Unless Defendants are restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of their assets, Defendants will have no assets with which to meet their obligation to the Fund thereby causing the Fund and its pension participants and beneficiaries immediate and irreparable loss, damage, and injury for

which the Fund will have no adequate remedy of law.

27. The Fund will be subjected to irreparable hardship and injury in the event that Defendants are not immediately restrained and enjoined and the status quo maintained during the pendency of this action.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter an order and judgment:

a. Directing Defendants be held jointly and severally liable to the Fund for withdrawal liability in the principal amount of $79,815.62; and

b. Directing Defendants be held jointly and severally liable to the Fund for prejudgment interest on the withdrawal liability set forth in paragraph "(a)" herein, to be computed pursuant to Sections 502(g)(2)(B), 4219(c)(6) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(6) and 1451(b) and the Fund's rules and regulations; and

c. Directing Defendants be held jointly and severally liable to the Fund for liquidated damages pursuant to Sections 502(g)(2)(C)(i) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(C)(i) and 1451(b) and the Fund's rules and regulation; and

d. Directing Defendants be held jointly and severally liable to the Fund for the reasonable attorneys' fees and costs of this action pursuant to Sections 502(g)(2)(D) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D) and 1451(b); and

e. Directing Defendants and all of their respective officers, employees, agents, representatives, and all persons acting in concert with them be restrained and enjoined from distributing, alienating, transferring, assigning, encumbering or otherwise disposing of Defendants' assets, regardless of the amounts, if any, or the nature of the consideration received therefore, during the pendency of this action and permanently; and

f.  Granting such other and further relief to Plaintiffs as the Court deems appropriate.

Dated: November 1, 2011
White Plains, New York

**TRUSTEES OF THE NATIONAL RETIREMENT FUND**, Plaintiffs

By: _____
David C. Sapp (DS5781)

*Attorney for Plaintiffs*

Alicare, Inc.
333 Westchester Avenue,
North Building – 2nd Floor
White Plains, New York 10604
(914) 367-5576 (telephone)
(914) 367-2576 (facsimile)
dsapp@amalgamatedlife.com